UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------X
KRISTOPHER CASTILLO,

                      Plaintiff,

-against-

THE CITY OF NEW YORK,
POLICE OFFICER RANDY SANCHEZ (SHIELD 5340), AND
POLICE OFFICER CHARLES RIVERA (SHIELD 3221),

                      Defendants.
----------------------------------------------------------------------------------X

**18 CV 374 (PKC) (RER)**

**FIRST AMENDED COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, KRISTOPHER CASTILLO, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his First Amended Complaint, respectfully alleges, upon information and belief:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, KRISTOPHER CASTILLO, is, and has been, at all relevant times, a resident of the County of Kings, City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendant, POLICE OFFICER RANDY SANCHEZ (SHIELD 5340) was a duly sworn member of said department and was acting under the supervision of said department according to his official duties. At all relevant times hereinafter mentioned, Defendant Sanchez was assigned to the 79th Precinct of the NYPD.

10. At all times hereinafter mentioned, the individually named defendant, POLICE OFFICER Charles Rivera (SHIELD 3221) was a duly sworn member of said department and was

acting under the supervision of said department according to his official duties. At all relevant times hereinafter mentioned, Defendant Sanchez was assigned to the 79th Precinct of the NYPD.

11.

12. At all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

15. On July 31, 2016, at approximately 6:25 p.m., plaintiff KRISTOPHER CASTILLO was lawfully operating his vehicle at or near the intersection of Nostrand Avenue and Lafayette Avenue in the County of Kings, City and State of New York.

16. At that time and place, the Defendants arrived on duty, in uniform and in a marked police vehicle.

17. The Defendants pulled Plaintiff's vehicle over, and Plaintiff complied.

18. The Defendants exited their vehicle, approached Plaintiff's vehicle, and asked Plaintiff to roll his window up.

19. Plaintiff asked the Defendants why they pulled him over, and Defendant Sanchez responded by punching Plaintiff with a closed fist several times in the face and head, causing Plaintiff to

lose consciousness.

20. Plaintiff was not engaged in any violent or threatening behavior, and there was no legal basis or justification for Defendant Sanchez to use any level of force on the Plaintiff, much less the force he actually used.

21. Plaintiff was not engaged in any suspicious or illegal activity.

22. Nonetheless, Defendants searched Plaintiff and his vehicle.

23. There was no reasonable basis for the Defendants to stop Plaintiff's vehicle, approach and search Plaintiff.

24. The search revealed no evidence of any guns, drugs or contraband.

25. Plaintiff was not engaged in any suspicious, illegal, violent, or threatening behavior.

26. Despite the absence of any wrongdoing on the part of the Plaintiff, Defendants placed the Plaintiff in handcuffs and formally arrested him.

27. At no time on July 31, 2016 did Plaintiff commit any crime or violation of law.

28. At no time on July 31, 2016 did Defendants possess probable cause to arrest Plaintiff or to order Plaintiff's arrest.

29. At no time on July 31, 2016 did Defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest Plaintiff.

30. Nevertheless, Defendants thereafter transported Plaintiff to the stationhouse of a local area precinct.

31. Plaintiff was then taken to a local area hospital to receive medical treatment for the injuries he sustained at the hands of Defendant Sanchez.

32. Thereafter, Plaintiff was transported to Kings County Central Booking where he was held for several hours pursuant to false allegations made by the Defendants.

33. Plaintiff was eventually arraigned on a criminal complaint containing false allegations sworn to by Defendant Sanchez.

34. Plaintiff acceded to an adjournment in contemplation of dismissal at his arraignment and was released from custody.

35. Accordingly, Plaintiff's charges were dismissed.

36. The Defendant provided knowingly false and misleading information to prosecutors at the Kings County District Attorney's Office.

37. Defendant Sanchez informed the district attorney's office that Plaintiff was operating his vehicle with illegally-tinted windows, that he failed to properly signal when making turns, and that he obstructed governmental administration and resisted arrest.

38. These allegations and statements were false and Defendant Sanchez knew these statements were false when he made them.

39. As a result of the foregoing, Plaintiff Kristopher Castillo sustained, *inter alia*, deprivation of his constitutional rights.

40. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

41. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. Section 1983.

42. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

43. The acts complained of were carried out by the aforementioned individual Defendants in their capacitates as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

44. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted custom, usage, practice, procedure or rule of respective municipality/authority, which is forbidden by the Constitution of the United States.

45. Following his release from custody, Plaintiff filed a complaint with the Civilian Complaint Review Board, which substantiated allegations of physical force against Defendant Sanchez.

**FIRST CLAIM FOR RELIEF FOR
FALSE ARREST AND EXCESSIVE FORCE
UNDER 42 U.S.C. § 1983**

46. Plaintiff KRISTOPHER CASTILLO repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

47. As a result of the Defendant's conduct and failure to intervene on the behalf of Plaintiff, Plaintiff was subjected to illegal, improper and excessive force, and caused to sustain injuries requiring medical treatment.

48. As a result of the Defendants' conduct, Plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

49. As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was falsely arrested without probable cause.

**SECOND CLAIM FOR RELIEF**
**FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

50. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

51. Defendants arrested, searched, and incarcerated plaintiff KRISTOPHER CASTILLO, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety, and violate their constitutional rights.

52. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

53. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

54. Those customs, policies, patterns, and practices include, but are not limited to:

    i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv. failing to properly train police officers in the requirements of the United States Constitution.

55. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF

NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

    iii. falsifying evidence and testimony to support those arrests;

    iv. falsifying evidence and testimony to cover up police misconduct.

56. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, KRISTOPHER CASTILLO.

57. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

58. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

59. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiff was placed under arrest unlawfully.

60. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

61. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly

responsible for the violation of Plaintiff's constitutional rights.

62. All of the foregoing acts by defendants deprived Plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants on each of the foregoing causes of action as follows:

　i.　an order awarding compensatory damages in an amount to be determined at trial;

　ii.　an order awarding punitive damages in an amount to be determined at trial;

　iii.　reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

　iv.　directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
April 9, 2018

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

　/s/
By:　JESSICA MASSIMI (JM-2920)
32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020

9